UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

J. L. DARRYL SUMMERS,

                Plaintiff,                 Case No. 1:07-cv-206

v.                                               Honorable Wendell A. Miles

MICHIGAN DEPARTMENT OF
CORRECTIONS,

                Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because Defendant is immune.

**Discussion**

Plaintiff is incarcerated in the Richard A. Handlon Correctional Facility. In his *pro se* complaint, he sues the "M.D.O.C. [Michigan Department of Corrections]/Parole Board." Plaintiff makes the following factual allegations:

> The Michigan Department of Corrections and its Parole board is [sic] not complying with the Lickfeldt Law[1], which plainly states you cannot use a case that has been terminated under the Lickfeldt Law for anything at all. The M.D.O.C. and its Parole Board is [sic] clearly taking my "good time" and using it against me! Therefore they (M.D.O.C) are incarcerating me illegally.

(Compl., 4-5.) Petitioner requests immediate release from incarceration and damages of $105.00 for each day that he has been illegally incarcerated.

As an initial matter, Plaintiff may not maintain a § 1983 action against the MDOC or the Michigan Parole Board. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions,

---

[1] Plaintiff is referring to the Michigan Court of Appeals' decision in *People v. Lickfeldt*, 636 N.W.2d 272 (Mich. Ct. App. 2001). In that case, the court held that the MDOC was required to terminate a prisoner's original 14-year sentence, which prisoner was serving when she was convicted of prison escape, after the prisoner fully served the original sentence and termination was statutorily required before she could begin serving prison escape sentence.

the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). The Michigan Parole Board, as part of the MDOC, also is immune from injunctive and monetary relief. *See Fleming v. Martin*, No. 01-1422, 2001 WL 1176354, *1 (6th Cir. Sept. 26, 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same). Because the MDOC and the Michigan Parole Board are immune, the Court will dismiss Plaintiff's complaint.[2]

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because Defendant is immune. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

---

[2] To the extent Plaintiff seeks release from prison, he must be brought in a habeas action. State prisoners must use a habeas corpus remedy "when they seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody" *Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005) (emphasis in original); *Preiser v. Rodriguez,* 411 U.S. 475, 487-88 (1973) (finding that, even if restoration of good time credits shortened length of petitioners' confinement, suit "would still have been within the core of habeas in attacking the very duration of their physical custody itself.")

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  May 4, 2007 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).